21-286, Palleja v. KP NY Operations LLC. Mr. David Abram for the appellant. Good afternoon and may it please the court. I would like to respectfully emphasize two things in this overtime case. The first one being that the defendant said right in their papers that my client regularly worked in excess of 40 hours a week. So to the extent that there's some kind of question as to the plausibility of whether he worked overtime, I'd say it's pretty clear he did. The other thing I wanted to emphasize is that this is really your basic sort of case where a worker who's not exempt regularly works more than 40 hours a week and gets paid a salary and then claims back wages. The complaint never alleges what the plaintiff's regular rate of pay was, does it? I think it provides an actual calculation at some point. By way of an example, but does it say what the regular rate of pay is? I mean, it's difficult to calculate what wasn't paid, what should have been paid without knowing. I mean, $1,400 could certainly cover an above minimum wage rate of pay with 40 hours plus overtime at time and a half. Right. Well, his regular rate of pay, under federal law, you would take his weekly salary and divide it by the total number of hours worked in that week. So I don't know if I gave that exact number. I guess my question was, does the complaint anywhere allege what the regular rate of pay was? Or does it allege an agreement with respect to the regular rate of pay? Yes, it does. I mean, for that one week, for a week, it alleges what his regular rate of pay was, since his number of hours varied from week to week, it wasn't precisely the same from week to week. And you're looking at what page of the appendix are you looking at? Page 10. Okay, thank you. So paragraph 11 says that he worked 70 hours and it divides that 1,400 by 70 to get a regular rate of 20. So if the next week he'd worked only 69.5 hours, his regular rate of pay would have been a little bit higher. How do we know that? If he had, he specifically does allege in the complaint that his pay would be docked if he worked less than an expected amount, whatever that is, totally unclear. Suppose in one given week, he worked less than 40 hours. What would he get less than his $1,400 a week salary, assuming it was a $1,400 a week salary? Your Honor, he would still probably get his $1,400 because what I said was respectfully that his wage was subject to docking. So what I meant by that was there were a couple instances where he missed a day and he had his pay docked for that week. So the answer to your question is, I don't know, but on a couple occasions over the years, he had his pay docked. And so that does happen in these types of cases where the person's pay is subject to docking, but there wasn't like a specific formula. Like his basic salary was the same $1,400 a week, and then his pay could possibly be reduced, but it wasn't like an automatic thing. It's that his wages were subject to docking. Does the complaint make any allegations with respect to whether he was exempt or non-exempt, whether he was even entitled to overtime pay? Well, I don't think it does. To my understanding, exemption is an affirmative defense, so it wouldn't be necessary for him to allege that he was non-exempt. I mean, I sort of anticipated that issue by alleging that his wages were subject to docking. However, I didn't make any affirmative allegation that he wasn't exempt, I'm pretty sure. So just to finish up my argument, I would submit that this really is sort of your basic case where a non-exempt person is paid a salary and regularly works in excess of 40 hours. Perhaps that could have been a little bit clearer in the complaint, but I think if it's read charitably, it's there. I would ask that the district court be reversed, or that at minimum, my client be given an opportunity to clarify if there's something important that's missing. You know, even in paragraph 11, it says he would have worked. I mean, it just sounds hypothetical. Well, we don't have exact time records, so we can't say that he worked given a precise figure for that week, but he knew what his general schedule was, and I would submit that in the absence of time records, which are the employer's responsibility to keep, it's reasonable to make an approximation. Mr. Abrams, your motion to amend the complaint before the district court, it made no attempt to amend the allegation concerning your client's compensation. Is that right? That's correct. I didn't know that this issue was going to come up. If you look at the argument that the defendant made was somewhat different from what the basis for the district court's decision. So if I'd known about this issue, I promise you, I would have begged for the opportunity to make it clearer. That would have been your fourth amended complaint, right? Third amended. Well, it would have been the second amendment, I believe. Yeah. Okay. Well, thank you very much. And we'll hear from Mr. Cotthead. Good afternoon, your honors. I may have pleased the court. My name is Emmanuel Cotthead, and I represent KPMY operations. I'll see the appellee in this case. This is a very straightforward case. Allegations speak for themselves. The complaint allegations state conclusorily that the plaintiff regularly worked in excess of 40 hours a week. That his typical work week was about 70 hours based on a schedule of 11 a.m. to 11 p.m. six days a week, which is actually 72 hours, your honors. But then it says, and this throws a cog in the wheel, that the salary that the plaintiff was was subject to reduction based on the amount of work. It doesn't say subject to reduction based on absences for a day. It says based on the amount of work. And the problem that this complaint has, and the reason why it's deficient, is it doesn't explain how it's subject to deductions based on the amount of work. And therein lies the rub. This complaint doesn't state anything about what plaintiff did on any given week except one week and six years of employment. This court in Lundy understands that employees don't have the hours and the wages paid in records. The employer is concededly required to keep those. But an employee who works somewhere for six years remembers things such as this to put in the complaint. And the complaint is drafted is grossly deficient. The only allegation that can be reviewed with any specificity is the allegation that in the first week of September 2019, the plaintiff worked approximately 70 hours and was paid, quote, unquote, some $1,400. There is no discussion of any hourly rates. It goes on to say that his regular rate of pay was $20 an hour. And if indeed that was his regular rate of pay, you know, 40 hours at $20 and 30 hours at $30 would be more than $1,400. How do you deal with that? In two ways, Your Honor. First and foremost, this is an after-the-fact calculation in terms of determining the regular rate. The plaintiff doesn't state that he had agreed to work 70 hours a week for $1,400. That's the crucial element that's missing here. And he doesn't state that he agreed to be paid $20 an hour for all hours work, regardless of whether it's more than 40. That's the deficiency here. And if the allegation is read carefully, Your Honor, I would respectfully submit that this is an after-the-fact calculation. This is saying, if he was paid $1,400 for 70 hours of work, then the regular rate under the law would be this amount. But it doesn't allege the crucial element that for hours worked in excess of 40 hours per week, there was uncompensated time. That's the holding in Lundy. The holding in Lundy says, as this court found, that you have to allege that you worked more than 40 hours a week, and that there was uncompensated time for the hours in excess of 40 hours a week. That's the element that's missing here. You know, the plaintiff does conclusorily say that he worked more than 40 hours a week. He provides one example and says that he would have worked 70 hours a Monday in 2013, which at the time was seven years, almost seven years prior. And so the plaintiff represented by counsel was well aware and should have been well aware of this requirement. The other aspect of it is that because the plaintiff didn't explain how the salary was what the rate was for the regular work week of, let's say, 40 hours or even for 70 hours, and he only pleads that he was paid $1,400 in the aggregate, the lower court properly found that this was insufficient. There's no allegation about uncompensated time as discussed. And there's myriad case law that says that it is permissible to receive a pay reduction for more hours worked as long as there's no minimum wage violation. And I cite those cases in my papers. The lower court was confused, and I respectfully submit that based on the questions by this court, this court is confused because this court cannot determine the hours that were paid versus the hours that were not paid, if any were unpaid. And that's because the complaint is lacking. So separate and apart from the fact that this complaint is deficient, there exists a wholly independent reason that the complaint must be dismissed. And that's because four months after this case was filed, your honors, the plaintiff filed a separate state court lawsuit stating that he's a shareholder and member of the LLC that he's suing in this case. He didn't bring those claims in the same court. He brought them in a separate court. And he alleges in- Is there a different time period involved? I guess the suggestion in the reply brief was he didn't become a shareholder until 2019 or something like that. Your honor, there is an argument by the plaintiff that he only became a member in February of 2019 and that he had worked prior to that time as an employee. But I respectfully submit that argument should be rejected for two reasons. The pleadings, which are very detailed in the state court action, and these pleadings are in the record. Those pleadings outline that this plaintiff was involved in setting up the restaurant and before it was set up. And that from the beginning, he sought to be a partner. Just like the case that I rely upon in Godoy, G-O-D-O-Y, those were owners of the restaurant. And the court there found that they were exempt from the Fair Labor Standards Act because they were not employees. In this case, the plaintiff did become an owner of the restaurant, or at least he alleges that much in his state court complaint. So I would respectfully submit that there exists a separate basis to dismiss the complaint and that the dismissal of this complaint will not leave this plaintiff without the ability to pursue damages in the state court case. This lower court, Judge Torres, properly found that the complaint was deficient. And I respectfully submit that part of the reason that the plaintiff is unable to make these allegations is because he held himself out to be a partner. And he sought to be a partner from the beginning. I finally wish to address the, with my limited time left, the request by the plaintiff to And that's because the plaintiff had the opportunity to amend this complaint in response to the motion to dismiss. The motion to dismiss, while relying on evidence outside the pleadings, which was improper by prior counsel, it does make out the claim that the pleadings are insufficient. It does cite Tanakahata, Lundy, and DeJesus in stating that the complaint is deficient and this is just a fishing expedition, which DeJesus addressed as one of the reasons why it's specificity in these cases. And so I would submit that he was unnoticed, the plaintiff was unnoticed about this issue, despite the evidence outside the pleadings. He had the opportunity to amend the complaint and he squandered it only to include an additional defendant, which did not cure the pleading deficiencies. There were multiple other opportunities to amend the complaint thereafter, as outlined in my papers, your honors, and the plaintiff did not take up the opportunity. The prior decision, such as I believe in DeJesus, discussed how plaintiffs received so many opportunities to amend the pleadings and they still failed. I respectfully submit that this court should deny the plaintiff that relief because it'll just put us back at square one and there will be no possibility to put in the fact the plaintiff has had ample opportunity to do so and has not done so. If I have no questions from the court, I respectfully rely on my papers and this argument. Thank you. Thank you very much. Mr. Abram, you've reserved three minutes. Yes, sir. I respectfully submit that if the complaint is read charitably, there's enough there. I respectfully submit that in terms of, I did amend it, but the argument that it was amended in response to was quite different. The argument being made was that it was based on the minimum wage. I think there's enough there. If there isn't, I would ask for the opportunity to add to what's there. I have nothing else. Thank you very much, Mr. Abram and Mr. Katteb. We'll reserve the decision.